# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| KENNETH FEINBERG, | Index No.: |
| Plaintiff, | Date filed: |
| -against- | **SUMMONS** |
| COURTROOM CONNECT, INC., | Basis of Venue: |
| Defendant. | Contractual Agreement |

----------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to serve answering papers to Plaintiff Kenneth Feinberg's papers in support of Summary Judgment in Lieu of Complaint served herewith on the Plaintiff's undersigned attorney within 30 days after service is complete; and in case of your failure to serve such answering papers, judgment will be taken against you by default for the relief demanded in the papers in support of Summary Judgment in Lieu of Complaint.

Dated: New York, New York
          November 2, 2022

ARKIN SOLBAKKEN LLP

By: _/s/ Alex Reisen_____
          Alex Reisen
_Attorneys for Plaintiff_
900 Third Avenue, 18th Floor
New York, NY 10022
Phone (212) 333-0200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

KENNETH FEINBERG,

                 Plaintiff,

    – against –

COURTROOM CONNECT, INC.,

                 Defendant.

-------------------------------------------------------------X

Index No.

**NOTICE OF MOTION FOR
SUMMARY JUDGMENT IN
LIEU OF COMPLAINT**

Motion Sequence No. 001

TO:    THE COURT, THE CLERK, and ALL PARTIES

        PLEASE TAKE NOTICE that, upon the Affirmation of Kenneth Feinberg in Support of

Plaintiff Kenneth Feinberg's Motion for Summary Judgment in Lieu of Complaint (dated

November 2, 2022) and all exhibits annexed thereto, and Plaintiff Kenneth Feinberg's

Memorandum of Law (dated November 2, 2022), all the proceedings in this action, and any reply

papers submitted in further support of the motion described herein, Plaintiff Kenneth Feinberg

will move the Supreme Court of the State of New York, County of New York, at the Motion

Submission Part (Room 130) of the Courthouse located at 60 Centre Street, New York, New

York 10007, at 9:30 A.M. on December 16, 2022, or as soon thereafter as Plaintiff Kenneth

Feinberg may be heard, for an Order, pursuant to Section 3213 of the New York Civil Practice

Law and Rules ("CPLR"), (i) granting summary judgment in favor of Plaintiff Kenneth

Feinberg; (ii) granting Plaintiff Kenneth Feinberg all costs and fees incurred in bringing this

action, pre-judgment interest from the date of Defendant Courtroom Connect, Inc.'s breach, and

post-judgment interest; (iii) granting or directing such other or further relief as the Court may

find just and proper; and (iv) directing the Clerk to enter judgment accordingly.

PLEASE TAKE FURTHER NOTICE that, pursuant Section 3213 of the CPLR:

(i) answering papers are due within 30 days of service of this Notice of Motion; and (ii) Plaintiff

Kenneth Feinberg demands that answering papers, if any, be served on Plaintiff Kenneth

Feinberg's undersigned attorneys at least ten (10) days before the return date of this motion.

Dated: November 3, 2022
      New York, New York

                        Respectfully submitted,

                        ARKIN SOLBAKKEN LLP


                        By: _/s/ Alex Reisen_
                              Alex Reisen
                        900 Third Avenue, 18th Floor
                        New York, New York 10022
                        Tel:    (212) 333-0200
                        Email: areisen@arkin-law.com

                        _Attorneys for Plaintiff Kenneth Feinberg_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x
                                                                  :

KENNETH FEINBERG,                         :    Index No.
                                                                   :

                         Plaintiff,             :     **Mot. Seq. No. 001**
                                                                     :

      - against -                                :
                                                                    :

COURTROOM CONNECT, INC.,           :
                                                                    :

                         Defendant.            :
                                                                        :
-----------------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

ARKIN SOLBAKKEN LLP
Lisa C. Solbakken, Esq.
Alex Reisen, Esq.
900 Third Avenue, 18th Floor
New York, New York 10022
Tel: (212) 333-0200

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... (ii)

PRELIMINARY STATEMENT ................................................................................................... 1

UNDISPUTED FACTS ................................................................................................................. 1

ARGUMENT ................................................................................................................................. 2

CONCLUSION .............................................................................................................................. 3

CERTIFICATION OF COUNSEL................................................................................................. 4

(i)

Case 1:22-cv-10272-ALC   Document 1-1   Filed 12/05/22   Page 7 of 38

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Alard, L.L.C. v. Weiss,*
    1 A.D.3d 131, 767 N.Y.S.2d 11 (1st Dept. 2003)........................................................................ 2

*Alvarez v. Prospect Hosp.,*
    68 N.Y.2d 320 (1986) ........................................................................................................... 2

*Flores v. City of N.Y.,*
    29 A.D.3d 356 (1st Dep't 2006) ........................................................................................... 2

*Matter of Suffolk County Dep't of Social Servs. v. James M.,*
    83 N.Y.2d 178 (1994) ........................................................................................................... 2

*Seaman–Andwall Corp. v. Wright Mach. Corp.,*
    31 A.D.2d 136, 295 N.Y.S.2d 752 ....................................................................................... 2

<u>Other Authorities</u>

CPLR § 3213........................................................................................................................ 1, 2

22 N.Y.C.R.R. § 202.8-b ......................................................................................................... 4

Plaintiff Kenneth Feinberg, by and through the undersigned counsel, respectfully submits this memorandum of law in support of his Motion for Summary Judgment in lieu of complaint pursuant to CPLR § 3213.

## PRELIMINARY STATEMENT

This case is straightforward.  There is no dispute that Defendant Courtroom Connect, Inc. ("CCI") is the maker of a note (the "Note") to Plaintiff Kenneth Feinberg ("Feinberg").  Pursuant to the Note, Feinberg loaned CCI the total sum of $3,538,000.

The terms of the Note require repayment of this amount, upon demand.  Feinberg has properly issued a demand for repayment, which CCI ignored, in breach of the terms provided for by the parties' debt instrument.  On these undisputed facts, Feinberg is entitled to a judgment in his favor for the total amount owed to him, plus applicable interest, fees, and costs.

## UNDISPUTED FACTS

By Note dated March 14, 2014, Plaintiff Feinberg agreed to loan CCI amounts totaling $3,538,000.  *See* Affidavit of Kenneth Feinberg, dated November 2, 2022 ("Feinberg Aff.") at ¶ 2 & Exhibit ("Ex.") 1.  Feinberg loaned this total amount to CCI.  *Id*. at ¶ 3.

In accordance with the terms of the Note, Feinberg made demand for repayment on July 22, 2022.  Feinberg Aff., at ¶ 4 & Ex. 2.  As a consequence of this demand, the total loan amount became immediately due and payable to Feinberg.  *See id.* Ex. 1, §§ 1 (definition of "Maturity Date") & 3.1.

Notwithstanding this, CCI has failed to repay the loan.  Feinberg Aff. at ¶ 4. Accordingly, Feinberg commenced this action pursuant to the Note's terms, which provides for the jurisdiction and venue of this Court, seeking repayment.  *See* Feinberg Aff. Ex. 1, §§ 9.4 &

9.5.  Feinberg further seeks payment of the fees and expenses incurred in connection with enforcement of the Note.  *Id.* at Ex. 1, § 9.2.

## ARGUMENT

It is well settled that "summary judgment is a highly useful device for expediting the just disposition of a legal dispute for all parties and conserving already overburdened judicial resources." *Matter of Suffolk County Dep't of Social Servs. v. James M.*, 83 N.Y.2d 178, 182 (1994).  Summary judgment should be granted where the moving party "make[s] a prima facie showing of entitlement to judgment as a matter of law" by advancing "sufficient evidence to demonstrate the absence of any material issues of fact." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986).  Once this showing has been made, summary judgment is appropriate unless the non-moving party satisfies its burden of "present[ing] facts, in admissible form, demonstrating that genuine, triable issues exist precluding the granting of summary judgment." *Flores v. City of N.Y.*, 29 A.D.3d 356, 358 (1st Dep't 2006).

It is likewise well settled that summary judgment in lieu of complaint pursuant to C.P.L.R. § 3213 is an appropriate means to recover debts owed by a promissory note. *Alard, L.L.C. v. Weiss*, 1 A.D.3d 131, 131–32, 767 N.Y.S.2d 11, 12 (1st Dept. 2003).  Indeed, a promissory note claimant need only prove up a defendant's execution of the note and a default in payment to make out his or her *prima facie* case. *Id.* (citing *Seaman–Andwall Corp. v. Wright Mach. Corp.*, 31 A.D.2d 136, 137, 295 N.Y.S.2d 752, *aff'd.* 29 N.Y.2d 617, 324 N.Y.S.2d 410, 273 N.E.2d 138 (1st Dep't 1968) ("It is incontestable that plaintiff would prove a prime facie case by proof of the note and a failure to make the payments called for by its terms.")).

Feinberg satisfies this standard here. *See* Feinberg Aff., ¶¶ 2-4 & Exs. 1-2.  He is therefore entitled to a judgment for the total amount due under the Note, as well as all costs and

2

fees incurred in bringing this action, pre-judgment interest from the date of CCI's breach, and

post-judgment interest. *Id*. at Ex. 1, § 9.2.

## **CONCLUSION**

For all the reasons set forth above, Plaintiff Kenneth Feinberg respectfully requests that

the Court (i) grant his motion for summary judgment in lieu of complaint; and (ii) award such

other and further relief as this Court deems just and proper.

Dated: November 2, 2022
      New York, New York

Respectfully submitted,

ARKIN SOLBAKKEN LLP

By: /s/ *Lisa C. Solbakken, Esq.*
Lisa C. Solbakken, Esq.
Alex Reisen, Esq.
900 Third Ave., 18th Floor
New York, NY 10022
T: 212-333-0220

*Attorneys for Plaintiff*

3

## CERTIFICATION OF COUNSEL

I hereby certify, pursuant to 22 N.Y.C.R.R. § 202.8-b, that the foregoing Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment In Lieu of Complaint (a) was prepared on a computer using Microsoft Word and (b) contains a total of 675 words, excluding the cover page, table of contents, table of authorities, and signature block, pursuant to the word count system in Microsoft Word and, therefore, complies with the word limit set forth in the Uniform Civil Rules of the Supreme Court.

Date:  November 2, 2022
        New York, New York

                                    _/s/ Alex Reisen_____
                                     Alex Reisen

Case 1:22-cv-10272-ALC    Document 1-1    Filed 12/05/22    Page 12 of 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x
                                                                 :
KENNETH R. FEINBERG,                                             :    Index No.
                                                                 :
                              Plaintiff,                         :
                                                                 :
        - against -                                              :
                                                                 :
COURTROOM CONNECT, INC.,                                         :
                                                                 :
                              Defendant.                         :
                                                                 :
                                                                 :
-----------------------------------------------------------------x

District of Columbia        }
                            } ss.
Washington D.C.             }

        I, KENNETH R. FEINBERG, being duly sworn, deposes and states under the penalties
of perjury as follows:

        1.       I am the Plaintiff in the above-referenced action.  I submit this Affidavit in
support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint.  I am over eighteen
years old, have personal knowledge of the matters set forth herein, and if called upon to do so,
could testify competently as to such matters.

        2.       Attached as Exhibit 1 is a true and correct copy of a Note (the "Note") between
myself and Courtroom Connect, Inc ("CCI").

        3.       I loaned CCI $3,538,000 pursuant to the Note.

        4.       I have demanded payment of the amounts due and owing pursuant to the terms of
the Note but have not received payment from CCI.  Attached as Exhibit 2 is a true and correct
copy of the letter demanding payment for amounts due and owing pursuant to the terms of the
Note.

Kenneth R. Feinberg

Sworn to before me this

__2__ day of __NOVEMBER__ 2022

Notary Public

CYNTHIA SANZOTTA
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2023

2

Case 1:22-cv-10272-ALC   Document 1-1   Filed 12/05/22   Page 14 of 38

## CERTIFICATE OF CONFORMITY

District of Columbia      }
                         } ss.

Washington D.C.           }

On the 2 day of November in the year 2022, before me, the undersigned, a Notary Public in and for the District of Columbia, personally appeared Kenneth R. Feinberg, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

Signature and Office of individual
taking acknowledgment



CYNTHIA SANZOTTA
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2023

3

## CERTIFICATION OF COUNSEL

I hereby certify, pursuant to 22 N.Y.C.R.R. § 202.8-b, that the foregoing Affidavit of Kenneth R. Feinberg (a) was prepared on a computer using Microsoft Word and (b) contains a total of 139 words, excluding the caption and signature block, pursuant to the word count system in Microsoft Word and, therefore, complies with the word limit set forth in the Uniform Civil Rules of the Supreme Court.

Date: November 2, 2022
New York, New York

/s/ Alex Reisen
Alex Reisen

# EXHIBIT 1

# DEMAND PROMISSORY NOTE

FOR VALUE RECEIVED, and subject to the terms and conditions set forth herein, Courtroom Connect, Inc., a Delaware corporation (the "**Maker**"), hereby, as of March 14, 2014, unconditionally promises to pay to the order of Kenneth Feinberg or his assigns (the "**Noteholder**", and together with the Maker, the "**Parties**"), the principal amount of each loan (each, a "**Loan**" and collectively, "**Loans**") from time to time made by the Noteholder to the Maker under this Demand Promissory Note (the "**Note**", as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms) up to, in an aggregate principal amount for all Loans, $3,538,000 (the "**Commitment**"), which shall be due and payable on the date and in the manner set forth in this Note.

1. <u>Definitions</u>. Capitalized terms used herein shall have the meanings set forth in this *Section* **1**.

"**Business Day**" means a day other than a Saturday, Sunday or other day on which commercial banks in New York City are authorized or required by law to close.

"**Default**" means any of the events specified in *Section* **6** which constitutes an Event of Default or which, upon the giving of notice, the lapse of time, or both pursuant to *Section* **6** would, unless cured or waived, become an Event of Default.

"**Event of Default**" has the meaning set forth in *Section* **6**.

"**Governmental Authority**" means the government of any nation or any political subdivision thereof, whether at the national, state, territorial, provincial, municipal or any other level, and any agency, authority, instrumentality, regulatory body, court, central bank or other entity exercising executive, legislative, judicial, taxing, regulatory or administrative powers or functions of, or pertaining to, government.

"**Law**" as to any Person, means any law (including common law), statute, ordinance, treaty, rule, regulation, policy or requirement of any Governmental Authority and authoritative interpretations thereon, whether now or hereafter in effect, in each case, applicable to or binding on such Person or any of its properties or to which such Person or any of its properties is subject.

"**Loan**" has the meaning set forth in the introductory paragraph.

"**Maker**" has the meaning set forth in the introductory paragraph.

"**Maturity Date**" means the earlier of (a) the date on which the Noteholder demands payment for each Loan and (b) the date on which all amounts under this Note shall become due and payable pursuant to *Section 7*.

"**Note**" has the meaning set forth in the introductory paragraph.

"**Noteholder**" has the meaning set forth in the introductory paragraph.

"**Order**" as to any Person, means any order, decree, judgment, writ, injunction, settlement agreement, requirement or determination of an arbitrator or a court or other Governmental Authority, in each case, applicable to or binding on such Person or any of its properties or to which such Person or any of its properties is subject.

"**Parties**" has the meaning set forth in the introductory paragraph.

"**Person**" means any individual, corporation, limited liability company, trust, joint venture, association, company, limited or general partnership, unincorporated organization, Governmental Authority or other entity.

2.   Loans.  Subject to the terms and conditions of this Note, the Noteholder agrees to make Loans to the Maker up to the Commitment, each in an amount and on a date set forth in a written request of the Maker from time to time. Each Loan shall be made by wire transfer of immediately available funds to a Person or Persons mutually acceptable to the Maker and the Noteholder.

3.   Payment Date; Optional Prepayments.

3.1   Payment Date. The aggregate unpaid principal amount of each Loan and all other amounts payable under this Note shall be due and payable on the Maturity Date.

3.2   Optional Prepayment. The Maker may prepay the Loans in whole or in part at any time or from time to time without penalty or premium by paying the principal amount to be prepaid. No prepaid amount may be reborrowed.

4.   Payment Mechanics.

4.1   Manner of Payment. All payments of principal shall be made in lawful money of the United States of America no later than 12:00 PM on the date on which such payment is due by cashier's check, certified check or by wire transfer of immediately available funds to the Noteholder's account at a bank specified by the Noteholder in writing to the Maker from time to time.

4.2   Application of Payments. All payments made hereunder shall be applied first, to the payment of any fees or charges outstanding hereunder, and second, to the payment of the principal amount outstanding under the Note.

2

4.3  <u>Business Day Convention</u>. Whenever any payment to be made hereunder shall be due on a day that is not a Business Day, such payment shall be made on the next succeeding Business Day.

4.4  <u>Evidence of Debt</u>. The Maker hereby expressly authorizes the Noteholder to record in the Noteholder's books and records the amount and date of each advance made to the Maker hereunder, and the date and amount of each payment of principal made by the Maker with respect to such advances.  In the event of any discrepancy between the records of the Noteholder and the records of the Maker, the records of the Noteholder shall be conclusive and binding on the Maker.

5.  <u>Representations and Warranties</u>. The Maker hereby represents and warrants to the Noteholder on the date hereof as follows:

5.1  <u>Existence</u>. The Maker is a corporation duly incorporated, validly existing and in good standing under the laws of the state of its jurisdiction of organization.

5.2  <u>Power and Authority</u>. The Maker has the power and authority, and the legal right, to execute and deliver this Note and to perform its obligations hereunder.

5.3  <u>Authorization; Execution and Delivery</u>. The execution and delivery of this Note by the Maker and the performance of its obligations hereunder have been duly authorized by all necessary corporate action in accordance with all applicable Laws. The Maker has duly executed and delivered this Note.

5.4  <u>No Approvals</u>. No consent or authorization of, filing with, notice to or other act by, or in respect of, any Governmental Authority or any other Person is required in order for the Maker to execute, deliver, or perform any of its obligations under this Note.

5.5  <u>No Violations</u>. The execution and delivery of this Note and the consummation by the Maker of the transactions contemplated hereby do not and will not (a) violate any provision of the Maker's organizational documents; (b) violate any Law or Order applicable to the Maker or by which any of its properties or assets may be bound; or (c) constitute a default under any material agreement or contract by which the Maker may be bound.

5.6  <u>Enforceability</u>. The Note is a valid, legal and binding obligation of the Maker, enforceable against the Maker in accordance with its terms except as enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally and by general equitable principles (whether enforcement is sought by proceedings in equity or at law).

6.  <u>Events of Default</u>. The occurrence of any of the following shall constitute an Event of Default hereunder:

6.1 <u>Failure to Pay</u>. The Maker fails to pay any principal amount of the Loans when due and such failure continues for 5 days after written notice to the Maker.

6.2 <u>Breach of Representations and Warranties</u>. Any representation or warranty made or deemed made by the Maker to the Noteholder herein is incorrect in any material respect on the date as of which such representation or warranty was made or deemed made.

6.3 <u>Breach of Covenants</u>. The Maker fails to observe or perform any material covenant, obligation, condition or agreement contained in this Note other than that specified in **Section 6.1** and such failure continues for 30 days after written notice to the Maker.

6.4 <u>Bankruptcy</u>.

(a) the Maker commences any case, proceeding or other action (i) under any existing or future law relating to bankruptcy, insolvency, reorganization, or other relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to it or its debts, or (ii) seeking appointment of a receiver, trustee, custodian, conservator or other similar official for it or for all or any substantial part of its assets, or the Maker makes a general assignment for the benefit of its creditors;

(b) there is commenced against the Maker any case, proceeding or other action of a nature referred to in clause (a) above which (i) results in the entry of an order for relief or any such adjudication or appointment or (ii) remains undismissed, undischarged or unbonded for a period of forty-five (45) days;

(c) there is commenced against the Maker any case, proceeding or other action seeking issuance of a warrant of attachment, execution or similar process against all or any substantial part of its assets which results in the entry of an order for any such relief which has not been vacated, discharged, or stayed or bonded pending appeal within forty-five (45) days from the entry thereof;

(d) the Maker takes any action in furtherance of, or indicating its consent to, approval of, or acquiescence in, any of the acts set forth in clause (a), (b) or (c) above; or

(e) the Maker is generally not, or is unable to, or admits in writing its inability to, pay its debts as they become due.

6.5 <u>Judgments</u>. A judgment or decree is entered against the Maker and such judgment or decree has not been vacated, discharged, stayed or bonded pending appeal within forty-five (45) days from the entry thereof.

7. <u>Remedies</u>. Upon the occurrence of an Event of Default and at any time thereafter during the continuance of such Event of Default, the Noteholder may at its option, by written notice to the Maker (a) declare all Loans and all other amounts payable hereunder immediately due and payable and/or (b) exercise any or all of its rights, powers or remedies under applicable law; *provided, however* that, if an Event of Default described in **Section 6.4** shall occur, the principal of the Loans shall become immediately due and payable without any notice, declaration or other act on the part of the Noteholder.

8. <u>Additional Indebtedness</u>. Without the written consent of the Noteholder, the Maker shall not create, incur, assume, permit to exist, or otherwise become or remain directly or indirectly liable with respect to any indebtedness senior to, or on a pari passu basis with, this Note, other than any indebtedness outstanding on the date hereof and any interest and fees due thereunder.

9. <u>Miscellaneous</u>.

9.1 <u>Notices</u>.

(a) All notices, requests or other communications required or permitted to be delivered hereunder shall be delivered in writing to such address as a Party may from time to time specify in writing.

(b) Notices if (i) mailed by certified or registered mail or sent by hand or overnight courier service shall be deemed to have been given when received, (ii) sent by facsimile during the recipient's normal business hours shall be deemed to have been given when sent (and if sent after normal business hours shall be deemed to have been given at the opening of the recipient's business on the next business day) and (iii) sent by e-mail shall be deemed received upon the sender's receipt of an acknowledgment from the intended recipient (such as by the "return receipt requested" function, as available, return e-mail or other written acknowledgment).

9.2 <u>Expenses</u>. The Maker shall reimburse the Noteholder on demand for all reasonable out-of-pocket costs, expenses and fees (including reasonable expenses and fees of its external counsel) incurred by the Noteholder in connection with the enforcement of the Noteholder's rights hereunder.

9.3 <u>Governing Law</u>. This Note and any claim, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Note and the transactions contemplated hereby shall be governed by the laws of the State of New York.

9.4 <u>Submission to Jurisdiction</u>.

(a) The Maker hereby irrevocably and unconditionally (i) agrees that any legal action, suit or proceeding arising out of or relating to this Note may be brought in the

5

courts of the State of New York or of the United States of America for the Southern District of New York and (ii) submits to the exclusive jurisdiction of any such court in any such action, suit or proceeding. Final judgment against the Maker in any action, suit or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment.

(b)   Nothing in this **Section 9.4** shall affect the right of the Noteholder to (i) commence legal proceedings or otherwise sue the Maker in any other court having jurisdiction over the Maker or (ii) serve process upon the Maker in any manner authorized by the laws of any such jurisdiction.

9.5   <u>Venue</u>. The Maker irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Note in any court referred to in **Section 9.4(b)** and the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

9.6   <u>Waiver of Jury Trial</u>. THE MAKER HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED HEREBY WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY.

9.7   <u>Counterparts; Integration; Effectiveness</u>. This Note and any amendments, waivers, consents or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all taken together shall constitute a single contract. This Note constitutes the entire contract between the Parties with respect to the subject matter hereof and supersedes all previous agreements and understandings, oral or written, with respect thereto. Delivery of an executed counterpart of a signature page to this Note by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Note.

9.8   <u>Successors and Assigns</u>. This Note may be assigned, transferred or negotiated by the Noteholder to any Person at any time without notice to or the consent of the Maker. The Maker may not assign or transfer this Note or any of its rights hereunder without the prior written consent of the Noteholder. This Note shall inure to the benefit of and be binding upon the parties hereto and their permitted assigns.

9.9   <u>Waiver of Notice</u>. The Maker hereby waives presentment, demand for payment, protest, notice of dishonor, notice of protest or nonpayment, notice of acceleration of maturity and diligence in connection with the enforcement of this Note or the taking of any action to collect sums owing hereunder.

9.10 <u>Amendments and Waivers</u>. No term of this Note may be waived, modified or amended except by an instrument in writing signed by both of the parties hereto. Any waiver of the terms hereof shall be effective only in the specific instance and for the specific purpose given.

9.11 <u>Headings</u>. The headings of the various Sections and subsections herein are for reference only and shall not define, modify, expand or limit any of the terms or provisions hereof.

9.12 <u>No Waiver; Cumulative Remedies</u>. No failure to exercise and no delay in exercising on the part of the Noteholder, of any right, remedy, power or privilege hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. The rights, remedies, powers and privileges herein provided are cumulative and not exclusive of any rights, remedies, powers and privileges provided by law.

9.13 <u>Severability</u>. If any term or provision of this Note is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Note or invalidate or render unenforceable such term or provision in any other jurisdiction.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Maker has executed this Note as of the date first above written.

**MAKER**
Courtroom Connect, Inc.

By _____
Name: Andrew Feinberg
Title: Chief Executive Officer

Accepted and agreed to by:

**NOTEHOLDER**
Kenneth Feinberg

_____

[Signature Page to Demand Promissory Note]

IN WITNESS WHEREOF, the Maker has executed this Note as of the date first above written.

**MAKER**
Courtroom Connect, Inc.

By_____
Name: Andrew Feinberg
Title: Chief Executive Officer

Accepted and agreed to by:

**NOTEHOLDER**
Kenneth Feinberg

[Signature Page to Demand Promissory Note]

Case 1:22-cv-10272-ALC   Document 1-1   Filed 12/05/22   Page 26 of 38

# EXHIBIT 2

**A S**  **ARKIN**
**SOLBAKKEN LLP**

900 Third Avenue, 18th Floor
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

**Lisa C. Solbakken**
**Managing Partner**
Direct Dial: (212) 333-0226
lsolbakken@arkin-law.com

July 22, 2022

**Via E-mail**

Michael G. Platner, Esq.
michael.platner@lewisbrisbois.com
Chair, National Corporate and Securities Practices
Managing Partner
Lewis Brisbois
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301

     Re:    CCI Debt Obligations

Dear Mr. Platner,

     Please confirm that CCI acknowledges the debt owed to Kenneth Feinberg. While we have sought to approach the repayment of this debt amicably, it is unclear if this will be possible. In all events, to the extent there is any question about the matter, please consider this letter a formal demand for repayment, in full.

     As you know, we have concerns regarding the ability of CCI to service its debt obligation. Should we not hear from you by Wednesday, July 27, we will presume that CCI is unable to service the debt because it is either insolvent or in the zone of insolvency.

     Sincerely,

Lisa C. Solbakken

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x
                                                              :

KENNETH FEINBERG,                  :   Index No.
                                                              :

                    Plaintiff,      :   **Mot. Seq. No. 001**
                                                                :

     - against -                   :
                                                                 :

COURTROOM CONNECT, INC.,      :
                                                                :

                    Defendant.    :
                                                                  :

-----------------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT <u>OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT</u>

ARKIN SOLBAKKEN LLP
Lisa C. Solbakken, Esq.
Alex Reisen, Esq.
900 Third Avenue, 18th Floor
New York, New York 10022
Tel: (212) 333-0200

*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................ (ii)

PRELIMINARY STATEMENT ........................................................................................ 1

UNDISPUTED FACTS .................................................................................................... 1

ARGUMENT .................................................................................................................... 2

CONCLUSION ................................................................................................................. 3

CERTIFICATION OF COUNSEL .................................................................................... 4

(i)

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alard, L.L.C. v. Weiss*,
1 A.D.3d 131, 767 N.Y.S.2d 11 (1st Dept. 2003) ....................................................... 2

*Alvarez v. Prospect Hosp.*,
68 N.Y.2d 320 (1986) ...................................................................................................... 2

*Flores v. City of N.Y.*,
29 A.D.3d 356 (1st Dep't 2006) ...................................................................................... 2

*Matter of Suffolk County Dep't of Social Servs. v. James M.*,
83 N.Y.2d 178 (1994) ...................................................................................................... 2

*Seaman–Andwall Corp. v. Wright Mach. Corp.*,
31 A.D.2d 136, 295 N.Y.S.2d 752 .................................................................................. 2

Other Authorities

CPLR § 3213 .................................................................................................................. 1, 2

22 N.Y.C.R.R. § 202.8-b ................................................................................................... 4

(ii)

Plaintiff Kenneth Feinberg, by and through the undersigned counsel, respectfully submits this memorandum of law in support of his Motion for Summary Judgment in lieu of complaint pursuant to CPLR § 3213.

## PRELIMINARY STATEMENT

This case is straightforward.  There is no dispute that Defendant Courtroom Connect, Inc. ("CCI") is the maker of a note (the "Note") to Plaintiff Kenneth Feinberg ("Feinberg").  Pursuant to the Note, Feinberg loaned CCI the total sum of $3,538,000.

The terms of the Note require repayment of this amount, upon demand.  Feinberg has properly issued a demand for repayment, which CCI ignored, in breach of the terms provided for by the parties' debt instrument.  On these undisputed facts, Feinberg is entitled to a judgment in his favor for the total amount owed to him, plus applicable interest, fees, and costs.

## UNDISPUTED FACTS

By Note dated March 14, 2014, Plaintiff Feinberg agreed to loan CCI amounts totaling $3,538,000.  *See* Affidavit of Kenneth Feinberg, dated November 2, 2022 ("Feinberg Aff.") at ¶ 2 & Exhibit ("Ex.") 1.  Feinberg loaned this total amount to CCI.  *Id*. at ¶ 3.

In accordance with the terms of the Note, Feinberg made demand for repayment on July 22, 2022.  Feinberg Aff., at ¶ 4 & Ex. 2.  As a consequence of this demand, the total loan amount became immediately due and payable to Feinberg.  *See id.* Ex. 1, §§ 1 (definition of "Maturity Date") & 3.1.

Notwithstanding this, CCI has failed to repay the loan.  Feinberg Aff. at ¶ 4. Accordingly, Feinberg commenced this action pursuant to the Note's terms, which provides for the jurisdiction and venue of this Court, seeking repayment.  *See* Feinberg Aff. Ex. 1, §§ 9.4 &

9.5.  Feinberg further seeks payment of the fees and expenses incurred in connection with enforcement of the Note.  *Id.* at Ex. 1, § 9.2.

## ARGUMENT

It is well settled that "summary judgment is a highly useful device for expediting the just disposition of a legal dispute for all parties and conserving already overburdened judicial resources."  *Matter of Suffolk County Dep't of Social Servs. v. James M.*, 83 N.Y.2d 178, 182 (1994).  Summary judgment should be granted where the moving party "make[s] a prima facie showing of entitlement to judgment as a matter of law" by advancing "sufficient evidence to demonstrate the absence of any material issues of fact."  *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986).  Once this showing has been made, summary judgment is appropriate unless the non-moving party satisfies its burden of "present[ing] facts, in admissible form, demonstrating that genuine, triable issues exist precluding the granting of summary judgment."  *Flores v. City of N.Y.*, 29 A.D.3d 356, 358 (1st Dep't 2006).

It is likewise well settled that summary judgment in lieu of complaint pursuant to C.P.L.R. § 3213 is an appropriate means to recover debts owed by a promissory note.  *Alard, L.L.C. v. Weiss*, 1 A.D.3d 131, 131–32, 767 N.Y.S.2d 11, 12 (1st Dept. 2003).  Indeed, a promissory note claimant need only prove up a defendant's execution of the note and a default in payment to make out his or her *prima facie* case.  *Id.* (citing *Seaman–Andwall Corp. v. Wright Mach. Corp.,* 31 A.D.2d 136, 137, 295 N.Y.S.2d 752, *aff'd.* 29 N.Y.2d 617, 324 N.Y.S.2d 410, 273 N.E.2d 138 (1st Dep't 1968) ("It is incontestable that plaintiff would prove a prime facie case by proof of the note and a failure to make the payments called for by its terms.")).

Feinberg satisfies this standard here.  *See* Feinberg Aff., ¶¶ 2-4 & Exs. 1-2.  He is therefore entitled to a judgment for the total amount due under the Note, as well as all costs and

2

fees incurred in bringing this action, pre-judgment interest from the date of CCI's breach, and

post-judgment interest.  *Id*. at Ex. 1, § 9.2.

## **CONCLUSION**

For all the reasons set forth above, Plaintiff Kenneth Feinberg respectfully requests that

the Court (i) grant his motion for summary judgment in lieu of complaint; and (ii) award such

other and further relief as this Court deems just and proper.

Dated: November 2, 2022
     New York, New York

                          Respectfully submitted,

                          ARKIN SOLBAKKEN LLP

                          By: /s/ *Lisa C. Solbakken, Esq.*
                          Lisa C. Solbakken, Esq.
                          Alex Reisen, Esq.
                          900 Third Ave., 18th Floor
                          New York, NY 10022
                          T: 212-333-0220

                          *Attorneys for Plaintiff*

3

## CERTIFICATION OF COUNSEL

I hereby certify, pursuant to 22 N.Y.C.R.R. § 202.8-b, that the foregoing Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment In Lieu of Complaint (a) was prepared on a computer using Microsoft Word and (b) contains a total of 675 words, excluding the cover page, table of contents, table of authorities, and signature block, pursuant to the word count system in Microsoft Word and, therefore, complies with the word limit set forth in the Uniform Civil Rules of the Supreme Court.

Date:  November 2, 2022
        New York, New York

_/s/ Alex Reisen_____
        Alex Reisen

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
KENNETH FEINBERG,

             Plaintiff(s),

      -against-

COURTROOM CONNECT, INC.,

             Defendant(s).
-------------------------------------------------------X

                   Index No. 654165/2022

                   AFFIDAVIT OF SERVICE

STATE OF DELAWARE    )
                       S.S.:
COUNTY OF NEW CASTLE)

       GRANVILLE MORRIS, being duly sworn, deposes and says that he is over the age of eighteen years, is an agent of METRO ATTORNEY SERVICE INC., and is not a party to this action.

       That on the 4th day of November, 2022, at approximately 4:15 PM, deponent served a true copy of the Judicial Intervention, Commercial Division Addendum, Summons, Notice of Motion for Summary Judgment in Lieu of Complaint, Affirmation of Kenneth Feinberg and all exhibits annexed thereto and Plaintiff's Memorandum in Support of Motion for Summary Judgment in Lieu of Complaint and Notice of Electronic Filing upon COURTROOM CONNECT, INC. c/o Harvard Business Services, Inc. at 16192 Coastal Highway, Lewes, Delaware, by personally delivering and leaving the same with Gary Damini, who informed deponent that he is an agent authorized by appointment to receive service at that address.

       Gary Damini is a white male, approximately 45 years of age, stands approximately 5 feet 8 inches tall, weighs approximately 180 pounds with brown hair.


_____
GRANVILLE MORRIS

Certificate of Conformity for Acknowledgment Taken Outside of New York State: On the 9th day of November, 2022, before me, the undersigned, personally appeared  Granville Morris, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Affidavit, and acknowledged to me that he executed the same: and that by his signature on the instrument, the individual executed the instrument.


_____
NOTARY PUBLIC

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires on July 26, 2026

FILED: NEW YORK COUNTY CLERK 11/03/2022 10:53 AM
NYSCEF DOC. NO. 5
Firefox

INDEX NO. 654165/2022
RECEIVED NYSCEF: 11/03/2022
about:blank

Case 1:22-cv-10272-ALC   Document 1-1   Filed 12/05/22   Page 36 of 38

| | **REQUEST FOR JUDICIAL INTERVENTION** | UCS-840 (rev. 02/01/2022) |
|---|---|---|

**SUPREME** COURT, COUNTY OF **NEW YORK**

Index No: _____   Date Index Issued: _____

| For Court Use Only: |
|---|
| IAS Entry Date |

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

KENNETH FEINBERG

Plaintiff(s)/Petitioner(s)

| Judge Assigned |
|---|

-against-

COURTROOM CONNECT, INC.

Defendant(s)/Respondent(s)

| RJI Filed Date |
|---|

**NATURE OF ACTION OR PROCEEDING**   Check only one box and specify where indicated.

**COMMERICIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ● Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
  - *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ○ Other Negligence (specify): _____
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (specify): ○ Assisted Reproduction   ○ Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration        [see *NOTE* in COMMERCIAL section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (specify):   ○ Initial   ○ Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**MATRIMONIAL**
- ○ Contested
  - *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  - *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**   Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  - Property Address: _____
  - *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Partition
  - *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ○ Tax Certiorari (specify):   Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see *NOTE* in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ○ | ● | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ○ | ● | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ○ Notice of Motion   Relief Requested: _____   Return Date: _____
- ○ Notice of Petition   Relief Requested: _____   Return Date: _____
- ○ Order to Show Cause   Relief Requested: _____   Return Date: _____
- ○ Other Ex Parte Application   Relief Requested: _____
- ○ Partition Settlement Conference
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ● Other (specify): Notice of Summary Judgment in Lieu of Complaint

FILED: NEW YORK COUNTY CLERK 11/03/2022 10:53 AM INDEX NO. 654165/2022
NYSCEF DOC. NO. 5   Case 1:22-cv-10272-ALC   Document 1-1   Filed 12/05/22   Page 37 of 38   RECEIVED NYSCEF: 11/03/2022
Firefox                                                                        about:blank

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: KENNETH FEINBERG Role(s): Plaintiff | Lisa C. Solbakken, Esq and Alex Reisen, Esq , Arkin Solbakken LLP, 900Third Avenue, 18th Floor, New York NY 10022, 212-333-0200, areisen@arkin-law.com | ○ YES  ○ NO | |
| ☐ | Name: COURTROOM CONNECT, INC. Role(s): Defendant | Unknown | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:  10/31/2022 _____

_____
Signature

_____4351003_____
**Attorney Registration Number**

**Alex Reisen**
Print Name

| Print Form |
|---|

**SUPREME COURT OF THE STATE OF NEW YORK**

**UCS-840C**
**3/2011**

**COUNTY OF** New York _____ x

KENNETH FEINBERG

-against-
COURTROOM CONNECT, INC.

_____ x

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

**Index No.** _____

**RJI No. (if any)** _____

**COMMERCIAL DIVISION**
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

- [x] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)
- [ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)
- [ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only
- [ ] Shareholder derivative actions — without consideration of the monetary threshold
- [ ] Commercial class actions — without consideration of the monetary threshold
- [ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions
- [ ] Internal affairs of business organizations
- [ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters
- [ ] Environmental insurance coverage
- [ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)
- [ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold
- [ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ $3,538,000

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

**Dated:** 10/31/2022

_Alex Reisen_
**SIGNATURE**

**Alex Reisen**
**PRINT OR TYPE NAME**