UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KENNETH FEINBERG,                                              Case No. 22-CIV-
                                                                10272(ALC)(BCM)

                          Plaintiff,

              -against-

COURTROOM CONNECT, INC.,

                          Defendant.
----------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT AND IN
SUPPORT OF CROSS-MOTION TO DISMISS**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendant*
77 Water Street, Suite 2100
New York, New York 10005
212.232.1300

TABLE OF CONTENTS

ARGUMENT ............................................................................................................7

    I.       Plaintiff's Claim Under the 2014 Note is Time-Barred ...........................................8

    II.     The Note is a Nullity Due to Lack of Consideration or, Alternatively, Fact Questions Exist As to the Note and What Amount, if Any, is Owed Thereunder ........................................................................................................9

    III.    Plaintiff Lacks Standing Because He Assigned the Note .....................................12

    IV.    Discovery is Needed Before The Motion Can Be Adjudicated ............................13

CONCLUSION ......................................................................................................14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................................7

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)........................................................................................7, 8, 13

*Cortlandt St. Recovery Corp. v. Hellas Telecomms.*,
S.A.R.L., 790 F.3d 411 (2d Cir. 2015) .................................................................13

*D'Amico v. City of N.Y.*,
132 F.3d 145 (2d Cir. 1998)....................................................................................8

*Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*,
691 F.3d 134 (2d Cir. 2012)....................................................................................8

*Felt v. Olson*,
74 A.D.2d 722, *aff'd,* 51 N.Y.2d 977 (1980).......................................................10

*GRP Loan, LLC v. Taylor*,
95 A.D.2d 1172 (2d Dep't 2012) ...........................................................................12

*Hahn Auto. Warehouse, Inc. v. American Zurich Ins. Co.*,
18 N.Y.3d 765 (2012) .............................................................................................9

*Kim v. Il Yeon Kwon*,
144 A.D.3d 754 (2d Dep't 2016) .............................................................................8

*Laham v. Bin Chambi*,
299 A.D.2d 151 (1st Dep't 2002) .........................................................................11

*Logan v. City of New York*,
148 A.D.2d 167 (1st Dep't 1989) .........................................................................13

*McMullen v. Rafferty*,
89 N.Y. 456 (1882) .................................................................................................9

*Navon v. Zackson*,
191 A.D.3d 578 (1st Dep't 2021) .........................................................................11

*Neo Universe, Inc. v. Ito*,
147 A.D.2d 682 (1st Dep't 2017) .........................................................................11

*Phoenix Acquisition Corp. v. Campcore, Inc.*,
  81 N.Y.2d 138 (1993) ............................................................................9

*Phoenix Global Ventures, LLC v. Phoenix Hotel Assoc., Ltd.*,
  10 Misc. 3d 1066(A), 814 N.Y.S.2d 564 (Sup. Ct. N.Y. Co. 2006) .......................11

*Redd v. N.Y. Div. of Parole*,
  678 F.3d 166 (2d Cir. 2012) ....................................................................7

*Summers v. Guss*,
  7 F. Supp. 2d 237 (W.D.N.Y. 1998) ...........................................................12

*Terry v. Ashcroft*,
  336 F.3d 128 (2d Cir. 2003) ....................................................................7

**Statutes**

NY UCC 3-122(1)(b) .................................................................................9

NY UCC 3-303(b) ....................................................................................10

NY UCC § 3-303 ......................................................................................1

NY UCC § 3-303(a)(1) .............................................................................10

**Rules**

NY CPLR 213(2) ......................................................................................8

NY CPLR 3212(f) ....................................................................................13

NY CPLR 3213 ....................................................................................1, 8

Fed. R. Civ. P. 56(a) ................................................................................7

Fed. R. Civ. P. 12(b)(1) ...........................................................................13

Fed. R. Civ. P. 12(b)(6) ............................................................................1

Fed. R. Civ. P. 16 ..................................................................................14

Fed. R. Civ. P. 56 ....................................................................................7

Defendant Courtroom Connect, Inc. ("CCI"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, respectfully submits this memorandum of law in opposition to Plaintiff's motion pursuant to New York CPLR 3213 for summary judgment in lieu of complaint based on the promissory note, dated March 14, 2014 (the "Note") and in support of Defendant's cross-motion to dismiss pursuant to Rule 12(b)(6). The pertinent facts are set forth in the accompanying declarations of CCI President Alon Harnoy (the "Harnoy Declaration"), shareholder Michael Shane (the "Shane Declaration") and Sam Rosenfarb (the "Rosenfarb Declaration").

As demonstrated below, this action – which CCI removed from the Supreme Court, New York County – should be dismissed based on the statute of limitations. The Note was executed in 2014 and this lawsuit seeking payment thereunder is time-barred because it was not filed within six years of execution.

Even if the Court concludes that it cannot determine the applicability of the statute of limitations based on the record before the Court, summary judgment should be denied because it would be improper to grant judgment to Plaintiff when this critical issue of material fact remains in dispute. In any event, as demonstrated below, the motion would still have to be denied based on the following disputed questions of material fact:

- Whether Plaintiff ever actually extended any of the loans referenced by the Note as potentially being made from time to time because if, as appears to be the case, he did not do so, there is a lack of consideration for the Notes which renders it unenforceable under UCC § 3-303.

- What if any amount is owed on the Note based on loans Plaintiff might be able to show he extended to CCI referrable to the company's obligation to his bank Brown Brothers Harriman which he agreed to pay off but evidently failed to do.

- Whether Plaintiff has standing because he assigned the Note such that this action should be dismissed for lack of legal capacity to sue.

- Whether Plaintiff released his claims against CCI including under the Note via a 2017 settlement agreement.

Alternatively, if the Court concludes that CCI has not raised sufficient issues of material fact to oppose the motion, the Court should not decide this motion until CCI has the opportunity to conduct discovery in order to muster facts needed to oppose the motion. CCI needs discovery from and to conduct the depositions of Plaintiff and his family members involved in the Note and the related transactions, as well as Plaintiff's lender, to ascertain, among other things, whether there was consideration for the Note, whether Plaintiff made any loans under the Note, whether Plaintiff repaid the loans to an investment bank as contemplated by the Note and related transactions, and whether Plaintiff assigned the Note.

**The Pertinent Facts**

Prior to June 22, 2017, Plaintiff, together with members of his family and others, owned controlling interests in CCI. CCI has an interest in Courtroom Connect LLC ("CCLLC"), which operates an ongoing business. See www.courrtoomconnect.com.  Harnoy Decl. ¶ 3.  As a result of a 2017 settlement and resulting Settlement Agreement (the "Settlement Agreement"), Plaintiff gave up his ownership interest in CCI.

As of 2013 Brown Brothers Harriman & Co. ("BBH"), which is Plaintiff's personal wealth manager, extended loans to CCI. CCI executed a Secured Demand Promissory Note in favor of BBH dated as of May 20, 2013 in the principal amount of $3,440,000 and a second Secured Demand Promissory Note of the same date in the principal amount of $100,000 (collectively the "BBH Notes"). Plaintiff apparently was have been the guarantor of the BBH Notes. Harnoy Decl. ¶ 8.

It was subsequently agreed that Plaintiff would repay to BBH the amount borrowed from BBH so that the BBH Notes would be cancelled. It was further agreed that CCI would execute a demand note in favor of Plaintiff based on his anticipated payment to BBH. This agreement is reflected in an Action By Unanimous Consent executed by CCI's board of directors on March 14, 2014 (the "Consent"; Harnoy Decl. Exhibit A).  The Consent provides that CCI owes $3,538,000.00 to BBH on the BBH Notes, and that Plaintiff desires to make loans to CCI from time to time in the aggregate principal amount of $3,538,000.00 which CCI will use to prepay the BBH Notes. Further, the Consent recites that the Board had reviewed the "Feinberg Demand Promissory Note" – which is the Note at issue here – and an Intercreditor Agreement. Plaintiff was one of the four CCI directors who signed the Consent. By the Consent, CCI's board approved and adopted the Note and the Intercreditor Agreement at the same time. Also executed on the same date was an Action by Written Consent of the Series C Shareholders," a true and correct copy of which is annexed hereto as Exhibit B.  It states that Plaintiff desires to loan up to $3,538,000.00 to CCI to replace the BBH Demand Notes. Harnoy Decl. ¶¶ 9-11 and Exh. B.

The Intercreditor Agreement, also dated March 14, 2014 (Harnoy Decl. Exhibit C), identifies Plaintiff as the Senior Lender and makes reference to the Note. The purpose of the Intercreditor Agreement appears to be to subordinate certain junior debt of CCI to senior debt including that held by Plaintiff as "Senior Lender." Plaintiff's son Andrew Feinberg, in his capacity as CCI's Chief Executive Officer, signed both the Note and Intercreditor Agreement on behalf of CCI (Feinberg Decl. Exh. A, p. 9).

It does not appear that, notwithstanding the apparent impropriety of the transaction, any disinterested independent committee of the Board approved the transaction without the participation of Plaintiff, who was obviously conflicted since CCI was agreeing to satisfy his personal obligations

to BBH and to pay loans he was to extend to CCI, of which he was a shareholder and director, .
Andrew Feinberg signed off on a transaction in favor of his father under which the interests of CCI
and others were being subordinated to his interests under the Intercreditor Agreement. Harnoy Decl.
¶ 13.

The Note does not state the amount actually loaned, a due date, repayment terms or interest
rate. It does not identify any collateral. It recites a total amount that Plaintiff might loan from time to
time equal to the amount owed by CCI to BBH. The Note states that Plaintiff would extend loans
from time to time, but there is no evidence that he actually did so such that CCI did not receive value
for the Note. It appears that Plaintiff never repaid BBH as contemplated by the March 2014
transaction. CCI is unaware of any loans made by Plaintiff that are referrable to the Note or
otherwise from the date of the Settlement Agreement in 2017 to the present. The company's records
reflect no such loans by Plaintiff. Accordingly, there is a lack of consideration for the Note and it is
effectively a nullity.  Harnoy Decl. ¶ 14.

The available documentary evidence bears out that Plaintiff never actually made the putative
loans. Sam Rosenfarb, a forensic accountant retained by CCI, has examined the available books and
records and has found no evidence that Plaintiff extended any loans under the Note. See the
Rosenfarb Declaration, paragraph 3.

Assuming Plaintiff claims that he made repayments to BBH, which should be deemed loans
to CCI, the Court should reject that contention since he never notified CCI of any such payments and
it appears from the evidence that none were made. According to a June 22, 2017 statement from
BBH (Harnoy Decl. Exhibit D), $3,323,158.26 was still outstanding on the BBH Notes as of June
2017 and interest was accruing. Had Plaintiff repaid BBH at any time between 2013 and the date of
the statement, that amount would not be owed and interest would not be accruing. That same state of

affairs appears to exist at present as there is no indication that Plaintiff made any subsequent

payment to BBH or any loan to CCI referrable to the Note. Harnoy Decl. ¶ 15.

Plaintiff's failure to pay BBH and to make any loans or advances to CCI subject to the Note

is provided by Plaintiff's December 1, 2017 email to Alon Harnoy, "forwarding the CCI financials . .

." as reflected on two annexed spreadsheets: A CCI Inc. Data Ownership by Investor ao 06-22-2017

Post Settlement" and a "Convertible Debt Register ao 12-01-2017" (Harnoy Decl. Exh. E). The

documents show that the full amount was still owed to BBH. Necessarily, if Plaintiff had repaid

BBH in whole, that  line item would not have been included. If Plaintiff had repaid BBH in part at

any time before the date of the statements, a lesser amount owed would have been reflected. In sum,

the evidence shows that no loans were made that were subject to the Note  and the Note is essentially

a nullity because the loans that were contemplated to be made from time to time by Plaintiff were

not actually made. Harnoy Decl. ¶ 16.

Alternatively, the evidence suggests that $500,000 of the debt in question or more was repaid

to Plaintiff was repaid. The Shane Declaration explains that Mr. Shane has known David and

Kenneth Feinberg since childhood and that David had solicited Mr. Shane's involvement to help CCI

for several years, until Plaintiff ended that arrangement in 2013. Plaintiff's action precipitated a

litigation filed in 2014 in the United States District Court for the Southern District of Florida

captioned Michael Shane Enterprises LLC v. Courtroom Connect Corp.[1], CCLLC, Kenneth Feinberg

and David Feinberg (docket no. 16-cv-80881) (the "Florida Action"). Neither brother ever told Mr.

Shane that Plaintiff had made any loans to CCI. What they did tell him is that David had forged his

brother's name on various documents in order to secure funding for CCI, and that, once Plaintiff

discovered what David had done, David repaid $500,000 and stated his intent to repay the entire

---

[1] Courtroom Connect Corp. is the former name of CCI.

amount of more than $3,000,000 at issue. Shane Declaration ¶¶ 8-9. It is uncertain to what extent David may have repaid more than the $500,000 admittedly repaid. Any repayments would reduce the amounts owed by CCI to Plaintiff to the extent he asserts that his putative loans to CCI are actually the amounts that David caused him to incur.

The Florida Action was resolved via a Settlement Agreement signed by Michael Shane Enterprises LLC ("MSE"), Michael Shane, CCI, Plaintiff, and David Feinberg on June 22, 2017 (Harnoy Decl. Exhibit F). It recites that the dispute is being resolved in part by the "Feinberg Parties" causing all equity in CCI held by them, FF&B Investors, LLC, the Andrew P. Feinberg 1998 Trust UTA 12/31/98, the Leslie S. Feinberg 1998 Trust UTA 12/31/98, and the Michael L. Feinberg 1998 Trust UTA 12/31/98 to be transferred to the attorneys for MSE. ¶ 2. As a result Plaintiff no longer held any shares of CCI. Harnoy Decl. ¶ 18 and Exh. F.

Further, the Settlement Agreement states that, if Kenneth Feinberg or David Feinberg provide funds to CCI for the purpose of servicing a line of credit with BBH, reflected by the BBH Notes, CCI will use such funds for that purpose. Plaintiff and David Feinberg did not provide any such funds to CCI. Harnoy Decl. ¶ 19.

The Settlement Agreement conspicuously does not mention the Note or any indebtedness of CCI to Plaintiff in the face amount of the Note or in any other amount. Plaintiff failed to advise that he had made any loans that CCI had to repay pursuant to the Note at the time he transferred his CCI interests to MSE, thereby conceding that no such indebtness existed. Harnoy Decl. ¶ 19.  CCI  is unaware of any funds being provided by Plaintiff to CCI to service the BBH line of credit, or for any other purpose, at any time since the Settlement Agreement was executed.

Also germane to the instant motions is the uncertainty concerning whether Plaintiff assigned his rights under the Note. Plaintiff's attorney Lisa Solbakken sent an email dated May 2, 2022,

advising CCI's counsel that her client is an unnamed LLC owned and managed by Michael Feinberg and Andrew Feinberg, the sons of Plaintiff Kenneth Feinberg, and stating that Plaintiff was no longer involved. Harnoy Decl. Exhibit G. Ms. Solbakken subsequently represented that Plaintiff had assigned the Note to his sons Michael Feinberg and Andrew Feinberg. Her email, dated May 27, 2022, again to CCI's counsel, stated that "Ken assigned the debt which is now held by his sons." Harnoy Decl. Exhibit H.

## ARGUMENT

Summary judgment is proper only where, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole,* 678 F.3d 166, 173–74 (2d Cir. 2012). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material within the meaning of Rule 56 where it "might affect the outcome of the suit under the governing law." *Id.* at 248. In determining whether there are genuine disputes of material fact, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) (internal citations and quotations omitted). This standard imposes the initial burden on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. Id. at 324; see also Anderson, 477 U.S. at 256–57. "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is

not wholly fanciful." *D'Amico v. City of N.Y.,* 132 F.3d 145, 149 (2d Cir. 1998) (collecting cases). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Summary judgment is also proper where "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322-23.

Specifically, on a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, a plaintiff "establishe[s his] prima facie entitlement to judgment as a matter of law by demonstrating the existence of the promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms." *Kim v. Il Yeon Kwon,* 144 A.D.3d 754, 755 (2d Dep't 2016). Summary judgment should not be granted in favor of Plaintiff in light of the applicable facts based on the statute of limitations and for the additional reasons set forth below and alternatively because discovery is needed to oppose the motion.

## I.      Plaintiff's Claim Under the 2014 Note is Time-Barred

Plaintiff's motion should be denied and CCI's cross-motion should be granted because it is beyond dispute that Plaintiff's claim is time-barred. The Note recites that it was executed on March 14, 2014, and any cause of action for failure to make payment thereunder is time-barred under the applicable six-year statute of limitations under CPLR 213(2).  The Note provides that it is governed by New York law.

A cause of action against parties to a negotiable instrument such as a demand promissory note accrues on the date of execution of the note. UCC 3-122(1)(b). "The Statute of Limitations affecting a note payable upon demand, without doubt, begins to run from the date of its execution." *Phoenix Acquisition Corp. v. Campcore, Inc.,* 81 N.Y.2d 138, 143 (1993) (citation omitted). *Accord Hahn Auto. Warehouse, Inc. v. American Zurich Ins. Co.,* 18 N.Y.3d 765, 771 (2012) (statute runs from when the party had the right to demand payment, not when the demand was actually made); *McMullen v. Rafferty,* 89 N.Y. 456, 458 (1882). Conspicuously, the Feinberg Affidavit does not identify, whether by date or amount, any loans that he actually made to CCI on the Note from 2014 to the present. Instead, the Feinberg Affidavit simply states in conclusory terms that he made loans in the face amount of the Note. It appears to be undisputed that he made no such payments.

## II.     The Note is a Nullity Due to Lack of Consideration or, Alternatively, Fact Questions Exist As to the Note and What Amount, if Any, is Owed Thereunder

The Note states that, as of March 14, 2014, when it was executed, Plaintiff would be making loans to CCI from "time to time" thereunder up to an aggregate principal amount of $3,538,000. Note p. 1. The Feinberg Affidavit does not state affirmatively that he ever did extend such loans or that, if he did so, the amount he lent was $3,538,000. CCI is unaware of Plaintiff ever making any such loans and it appears from all available evidence that he never made any such loans. Harnoy Decl. ¶ 14. Since there is no evidence that Plaintiff made any loans to CCI, there would be no consideration for the Note, there is no debt, and the Note essentially is a nullity that is unenforceable against CCI.

To the extent Plaintiff argues in reply that he made repayments to BBH which should be deemed loans to CCI, the Court should reject that argument. He never notified CCI of any such loans

even assuming arguendo he made any. He appears not to have made any payments to BBH. The documentary evidence confirms that, notwithstanding the putative plan for Plaintiff to pay off the BBH Notes, he failed to do so. As of 2017 BBH continued to send statements stating that the full amount of the BBH Notes was owed and it continued to charge interest. Id. ¶ 15 and Exh. D. Plaintiff presented a 2017 spreadsheet showing that the full amount owed to BBH remained outstanding. Id. ¶ 16 and Exh. E. He never advised CCI that he paid anything thereafter to BBH. Assuming the BBH loans were never repaid, as appears to be the case, even if it were credible that a payment to BBH can be construed as a loan to CCI, there is no consideration for the Note if Plaintiff made no such payments.

Moreover, Plaintiff and his sons never identified any such indebtedness at any time in connection with the 2017 transaction via the Settlement Agreement by which Plaintiff gave up his shares in CCI. The spreadsheets did not list the debt claimed under the Note, nor did they mention the Note. It is evident that there was no understanding by Plaintiff that CCI had any such debt or obligation under the Note; Plaintiff would have been obligated to identify the debt had it existed when he settled the dispute. Subsequent to December 1, 2017, at which time Plaintiff acknowledged that CCI had no such debt to him, CCI is unaware of any loans or other payments by or on behalf of Plaintiff to CCI that would even conceivably fall under the Note.

UCC § 3-303(a)(1) provides that an instrument is issued for value if it is issued "for a promise of performance, to the extent the promise has been performed." UCC 3-303(b) provides that the "maker of an instrument has a defense if the instrument is issued without consideration." Here, Plaintiff promised to make loans to CCI as consideration for the Note, but he did not do so. The Note therefore fails for lack of consideration. *Felt v. Olson,* 74 A.D.2d 722, 723 (4th Dep't), *aff'd,* 51 N.Y.2d 977 (1980) (in action on promissory notes, the court ruled for defendant based on lack of

consideration for promissory notes, stating that to succeed, "it was necessary for plaintiff to prove that there was consideration for the notes").

When the debtor under a note asserts lack of consideration, the maker must show that valid consideration was extended. This is unlike the situation where a note recites that loans were previously advanced because that past consideration is sufficient to enforce the note. *Compare Neo Universe, Inc. v. Ito,* 147 A.D.2d 682 (1st Dep't 2017) (note held to be enforceable as it recited that plaintiff "is owed" the amount stated) and *Navon v. Zackson,* 191 A.D.3d 578 (1st Dep't 2021) (note recited that it was given "for value received" reflecting an antecedent obligation). CCI would be liable to make payment under the Note to Plaintiff only if he had made a loan or loans to CCI under the Note, up to $3,538,000.  Note, p. 1. Again, there is no evidence that Plaintiff made any such loans to CCI. As a result Plaintiff cannot enforce the Note due to lack of consideration. *See Laham v. Bin Chambi,* 299 A.D.2d 151 (1st Dep't 2002) (reversing grant of summary judgment when debtor offered evidence tending to establish that she received no benefit under the note at issue).

Given the foregoing, there is, at a minimum, a question of fact that precludes granting this motion as to the amount that may be owed pursuant to the Note. *See Phoenix Global Ventures, LLC v. Phoenix Hotel Assoc., Ltd.,* 10 Misc. 3d 1066(A), 814 N.Y.S.2d 564 (Sup. Ct. N.Y. Co. 2006) (denying 3213 motion judgment based on evidence that raised a question of fact as to whether plaintiff provided consideration for note). Since the Court can only grant summary judgment if it finds no issues of fact after drawing every inference in CCI's favor, granting that relief here - prior to CCI having any opportunity for discovery - would be improper.

### III.    Plaintiff Lacks Standing Because He Assigned the Note

Yet another basis to deny the motion is that Plaintiff may not be the proper plaintiff and this action should be dismissed for lack of standing based on his lack of legal capacity to sue, or discovery on this issue should be conducted prior to the adjudication of the motion.

Plaintiff's attorney Lisa Solbakken advised CCI counsel on May 2, 2022, in connection with her efforts to induce CCI to pay sums purportedly owed, that her client is an LLC owned and managed by Michael Feinberg and Andrew Feinberg, the sons of the present Plaintiff Kenneth Feinberg, and stated that Kenneth Feinberg was no longer involved. Harnoy Decl. Exh. G.  Andrew Feinberg signed the Note on behalf of CCI. Ms. Solbakken subsequently represented in a May 27, 2022 email that Plaintiff assigned the Note to Michael Feinberg and Andrew Feinberg.  Harney Decl. Exh. H (stating "Ken assigned the debt which is now held by his sons').

Remarkably, Plaintiff has since changed his story a third time. This action is being prosecuted by Kenneth Feinberg, on whose behalf counsel made the putative demand prior to filing suit (Feinberg Affidavit Exh. 2), and the demand and Feinberg Affidavit do not mention of the limited liability company or of any assignment. These facts strongly suggest that this action is premised on a seemingly false premise that Plaintiff holds the Note.  The shifting explanations of the pertinent facts proffered by Plaintiff's counsel creates an issue of fact that warrants denial of the instant motion. This uncertainty as to whether the rights being prosecuted belong to Plaintiff or whether they were actually assigned to his children supports denial of the motion. *See, e.g., Summers v. Guss,* 7 F. Supp. 2d 237 (W.D.N.Y. 1998) (denying summary judgment in light of ambiguity as to assignment of note at issue). "Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief." *GRP Loan, LLC v. Taylor,* 95 A.D.2d 1172, 1173 (2d Dep't 2012).  If Plaintiff lacks standing, this Court lacks subject matter jurisdiction and dismissal

under Rule 12(b)(1) would be required. *Cortlandt St. Recovery Corp. v. Hellas Telecomms*., S.A.R.L., 790 F.3d 411, 416-17 (2d Cir. 2015).

      This disputed issue must be explored via discovery – including production of any assignment documents and depositions of the possible assignor and assignees – before any determination can be made as to who can actually prosecute this action and whether that person is entitled to a judgment for the principal amount sought. As demonstrated below, discovery is required to determine whether Plaintiff or his sons, or perhaps some other person or entity, is the current holder of the Note entitled to seek enforcement thereof to the extent it is enforceable and also whether Plaintiff released his claims under the Note via the Settlement Agreement.

### IV.    Discovery is Needed Before The Motion Can Be Adjudicated

      Alternatively, if the Court is not prepared to dismiss the action or deny the motion based on the evidence adduced by CCI, the Court should deny the motion because CCI has not been afforded an "adequate time for discovery" as is ordinarily mandated under F.R.Civ.P. 56. *Celotex,* 477 U.S. at 322-23). Given the nature of this removed proceeding it is appropriate to invoke CPLR 3212(f), under which a continuance of a summary judgment motion is granted when, as here, critical facts essential to the opposition appear to be in dispute but the party opposing the motion cannot muster all of the facts necessary to fully oppose the motion because they are in the possession of the movant. *Logan v. City of New York,* 148 A.D.2d 167, 173 (1st Dep't 1989). The facts to be explored via discovery include testimony and document production as to what, if any, loans Plaintiff claims to have extended to CCI, what repayments if any Plaintiff made to BBH, what payments were made by David Feinberg that might have been intended to repay Plaintiff's loans to CCI, and how much if anything might be owed by CCI to Plaintiff at the present time, as well as concerning Plaintiff's

standing to sue. CCI requires document production from and deposition testimony from Plaintiff, his sons, his brother and BBH in order to be in a position to fully oppose the motion.

The issue as to who holds the rights to enforce the Note – described in Point III above - is but one of a myriad of fact issues as to which discovery is needed as set forth herein. The evidence that will establish who holds the rights at issue is solely within the possession of Plaintiff and related third parties, and is not available to CCI absent an opportunity for discovery. In sum, this is a paradigmatic case for allowing the defendant to obtain discovery before granting a dispositive motion.  Given that Plaintiff's motion does not stay discovery, CCI intends to immediately pursue the necessary discovery and hereby requests that the Court schedule a Rule 16 conference so that discovery can commence while the motions are sub judice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the motion be denied and the cross-motion granted, with costs and fees to be awarded to Defendant.

Dated: New York, New York
      December 12, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ Peter T. Shapiro
    Peter T. Shapiro, Esq.
    *Attorneys for Defendant*
    77 Water Street, Suite 2100
    New York, New York  10005
    212.232.1300
    Peter.shapiro@lewisbrisbois.com

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that the within memorandum of law was duly served and filed via ECF

on plaintiff's attorneys of record.

Dated: New York, New York
       December 12, 2022

                                        _/s/ Peter T. Shapiro_
                                        Peter T. Shapiro